IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PAUL WATTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:18-cv-04076-MDH |
| ) | |
| STATE OF MISSOURI ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is the Missouri Department of Corrections' Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 20). The motion is ripe for review and for the reasons stated herein, the Court denies the motion to dismiss.

**BACKGROUND**

Plaintiff has filed this lawsuit against the State of Missouri Department of Corrections ("MDOC") alleging discrimination and retaliation in connection with his employment. Specifically, Plaintiff's First Amended Complaint contains the following counts: Count I - Title VII/Retaliation; and Count II – Wrongful Discharge – Pendant State Claim. Plaintiff was, and currently is, an employee of the Missouri Department of Corrections. Plaintiff first left the MDOC in March 2016 to work for the State of Missouri – Department of Labor and Industrial Relations ("DOLIR") as an Investigator for the Division of Worker Compensation. Plaintiff alleges during the first month of his employment in April 2016, he received a very vulgar phone call from a man stating his wife had filed a fraudulent worker compensation claim. During the call Plaintiff states he was offended and unsure how to handle the conversation. Plaintiff claims he was offended by
1

the call and later discovered a co-worker had the person make the call and make up the story. Plaintiff claims he was not trained on how to handle the call, including he was not informed calls should be recorded and did not know to put the person on hold during the call to ask a question. At the time, Doden was Plaintiff's supervisor and Plaintiff alleges he was the one who set up the "fake" call. Plaintiff states after this incident Doden did not train Plaintiff.[1]

In August 2016, Plaintiff alleges Crandall (whose title and position with the Department of Labor is unclear from the Complaint) made comments regarding trans-genders and gays that Plaintiff found disturbing. Plaintiff told Brenner (again whose title and position is unclear) that he found these comments disturbing. In turn, Brenner told Plaintiff that he told Crandall Plaintiff was offended by the comments and Crandall subsequently apologized to Plaintiff.[2]

Plaintiff was on probationary status during his employment with the Missouri Department of Labor. Plaintiff's Complaint contains allegations, although the Court finds them difficult to comprehend, regarding the training he received from his supervisors with regard to case closures and the filing of reports and files. Plaintiff claims he asked when his probationary status would end but was never given a clear answer. Nonetheless, on September 28, 2016 Plaintiff was given a letter, dated September 29, 2016, advising him he was being released from his position, that he would be paid through the end of the day on September 29, 2016, and that he was no longer employed with the MDOC.

---

[1] Plaintiff makes other allegations that in May, June, and July 2016 incidents occurred where Plaintiff was told not to trust his fellow co-workers and that someone placed a catfish bait bag in a co-worker's cubical. Plaintiff does not further detail anything about these alleged "incidents" or how they relate to his alleged discrimination or retaliation claims.
[2] The Court notes the First Amended Complaint does not clearly set forth the titles and positions of the individuals referenced by Plaintiff, or the details of the alleged incidents as they related to the individuals referenced.

Plaintiff states on September 28, 2016 he called the Human Relations Officer with the Department of Labor and "informed him of the above facts / and further circumstances" as to his employment. On September 29, 2016, Plaintiff received a call from Human Relations and spoke "for about 45 minutes as to the above facts and further circumstances of Plaintiff's employment." Again, Plaintiff does not provide specific allegations of what "facts and further circumstances" were discussed, or the specific relation in time to when he was released. In October 2016, Plaintiff states he received a call from Human Relations indicating they had substantiated Plaintiff's allegations of "the phone call event," and "Mr. Crandall telling how to give CPR to a homosexual." Plaintiff was told they had completed their investigation and "that would be it."[3]

On October 29, 2016, Plaintiff requested a re-hire from the State of Missouri Department of Corrections – Division of Probation & Parole. In February 2017 Plaintiff was notified he would not be considered for re-hire but could test for a Probation & Parole position and be on the "new hire" register. Plaintiff tested for the position and was put on the register for new hire. Plaintiff did not receive any letters regarding rehire until October 2017. On March 14, 2017, Plaintiff spoke with the Chairman of the Board of the State of Missouri Probation & Parole regarding his re-hire rights and on March 30, 2017 was placed on the rehire register. On April 7, 2017, Plaintiff interviewed for a position at Algoa Correctional Center in Tipton, Missouri. Plaintiff states on May 5, 2017 he was offered the position and accepted the offer. Plaintiff states on May 15, 2017 he resigned his existing position of employment (however Plaintiff does not allege what position he resigned from) to accept the newly offered job at Algoa Correctional Center.

---

[3] Plaintiff has not brought a claim against the Missouri Department of Labor.

On May 17, 2017, Plaintiff states he received a phone call requesting he rescind his acceptance of the job at Agloa Correctional Facility. Plaintiff states he was told he was a "legal liability" "or something to that effect" because of 'what had happened while Plaintiff was employed with the other state agency (Department of Labor) and the allegations / reports / complaints / of discrimination or improper behavior Plaintiff had made." Plaintiff states he then received an email on May 18, 2017 rescinding the offer of employment as a Probation & Parole officer with no reason being stated.

Plaintiff subsequently interviewed for new hire positions with Fulton Regional Diagnostic Center, Jefferson City Correctional Center, and Algoa Correctional Center. Plaintiff was hired as a Classification Case Manager at Booneville Correctional Center on October 23, 2017.

Plaintiff filed a Charge of Discrimination on June 13, 2017, received his right to sue letter, and filed this lawsuit on April 18, 2018. Defendant moves to dismiss the claims arguing Plaintiff's First Amended Complaint fails to state a claim. Defendant argues Plaintiff's Complaint is defective on its face because even accepting all the factual allegations as true, it fails to set forth facts sufficient to establish retaliation or wrongful discharge.

**STANDARD**

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.; Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's

4

legal conclusions. *Ashcroft,* 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## DISCUSSION

Plaintiff has filed claims for employment discrimination based on his alleged protected activity pursuant to 42 U.S.C. § 2000e(3) and pursuant to a state wrongful discharge claim. Defendant argues Plaintiff's complaint fails to allege facts sufficient to demonstrate that he engaged in a statutorily protected activity, and even accepting his allegations as true, there is no cause of action for retaliation or wrongful discharge.

Defendant summarizes Plaintiff's complaints as follows:

1. In April 2016, a DOLIR employee #1 sent an email from Plaintiff's unlocked computer that created the impression Plaintiff was dissatisfied with his supervisor;

2. In April 2016, a DOLIR employee #2 made an unprofessional inappropriate phone call including sexual content to Plaintiff that offended Plaintiff and that employee #1 initiated the phone call;

3. In July 2016, a DOLIR employee #1 hid catfish bait behind an award in a co-workers cubicle;

4. In August 2016, DOLIR employee #3 made an inappropriate statement derogatory to transgenders and gays and referenced Hitler that offended/disturbed Plaintiff;

5. In August 2016, DOLIR employee #3 told a joke about how to give CPR to a homosexual, which offended Plaintiff; and

6. During Plaintiff's employment DOLIR failed to train Plaintiff and provided a poor work environment.

Defendant argues this is the summary of Plaintiff claims of unlawful treatment. The Court agrees Plaintiff's Complaint is not entirely clear. Further, Defendant's summary is fairly accurate regarding Plaintiff's complaints during his employment at DOLIR. However, Plaintiff's Complaint further alleges that he was retaliated against by the MDOC for either his participation in the investigation of the alleged incidents at the DOLIR or his opposition to the alleged wrongdoing (again this is not entirely clear from the Petition).

With regard to the claims against MDOC, Plaintiff alleges he was retaliated against for his participation in reporting the alleged wrongdoing at the DOLIR. To establish a prima facie case of retaliation, Plaintiff must establish: (1) he engaged in protected conduct, (2) he suffered a materially adverse employment act, and (3) the adverse act was causally linked to the protected conduct." *Bunch v. Univ. of Arkansas Bd. of Trustees*, 863 F.3d 1062, 1069 (8th Cir. 2017) (internal citation omitted).

Defendant moves the Court to dismiss Plaintiff's claims because he cannot establish that he participated in a protected activity or that he opposed unlawful harassment or discrimination. While the Court agrees Plaintiff's First Amended Complaint is not a model of clarity, taking the allegations contained in the First Amended Complaint as true, Plaintiff has alleged enough to survive a motion to dismiss. Whether Plaintiff will ultimately be able to establish a claim for retaliation or wrongful discharge is not before the Court at this time. A determination of whether

Plaintiff can ultimately establish the elements of his claim will require the Court's analysis of evidence beyond the pleadings and therefore the Court denies the motion to dismiss.

Finally, Defendant's only argument for dismissing the state claim is that the Court should exercise its discretion and not exercise jurisdiction over the state law claim because the federal claim should be dismissed. However, the Court has declined to dismiss the federal claim and therefore at this time finds no basis to dismiss the wrongful discharge claim contained in Count II.

## CONCLUSION

Wherefore, for the reasons stated herein, the Court **DENIES** the pending Motion to Dismiss. (Doc. 20).

**IT IS SO ORDERED.**

Date:  January 24, 2019              /s/ Douglas Harpool                
                                     **DOUGLAS HARPOOL**
                                     **UNITED STATES DISTRICT JUDGE**